UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWARD STRACK,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE *et al.*,

    Defendants.

CAUSE NO. 3:20-cv-563 DRL-MGG

## OPINION & ORDER

On June 29, 2020, Edward Strack filed a *pro se* complaint alleging fraud, extortion, and defamation by the Internal Revenue Service (IRS), former Secretaries of the Treasury and their spouses, and other IRS and Department of Treasury employees and their spouses. Mr. Strack filed an "Affidavit of Indigencey [sic]" with his complaint. The court construes Mr. Stack's submission as a motion to proceed *in forma pauperis*.

On July 22, 2020, Mr. Strack twice moved to amend his complaint: the first motion sought to amend the relief requested, and the second motion sought to amend the list of defendants. Mr. Strack's motions to amend failed to reproduce the entire pleading as required by N.D. Ind. L.R. 15-1, but, as this rule grants the court discretion in its application, the court will consider Mr. Strack's complaint with his proposed amendments.

Mr. Strack's complaint lists six primary defendants (aside from spouses), as he would amend it: the IRS; the Department of Treasury; John Koskinen, former Commissioner of the IRS, and his spouse; Steve Mnuchin, former Secretary of the Treasury, and his spouse; Jacob Lew, former Secretary of the Treasury, and his spouse; and "Other Wrongdoers & spouses." ECF 1-1, 7.

Before considering the financial request made by Mr. Strack in his motion to proceed *in forma pauperis*, the court must determine whether Mr. Strack's complaint is frivolous or malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Although the court must construe a complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). If the complaint is deficient, the court must dismiss it. 28 U.S.C. § 1915(e)(2)(B).

Even construing the complaint liberally, even as proposed to be amended, the court concludes that dismissal is required because it presents frivolous claims, fails to plead facts that state a claim, and names defendants who are immune from liability.

A complaint is frivolous "if it is apparent from a reading of [it] . . . that the case is going nowhere." *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). Frivolity comes in two forms—frivolity based on the facts or based on the law. A complaint is factually frivolous if the allegations are irrational, delusional, baseless, or unbelievably incredible. *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016). A complaint is legally frivolous if it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Mr. Strack's complaint is both factually and legally frivolous.

His complaint appears to stem from the IRS's alleged breach of a 2012 agreement between Mr. Strack and the Secretary of the Treasury, as well as the failure of the IRS to "bill [Mr. Strack] for any Tax Liability" from 2004-2019. ECF 1-3. Mr. Strack claims that this breach and failure constitutes fraud, extortion, and defamation; conspiracy to commit fraud, extortion, and defamation; failure to protect "a Man" from conspiracy to commit fraud, extortion, and defamation; and a denial of his due process rights.

Mr. Strack claims that the IRS committed fraud when it sent an allegedly forged federal income tax return to the Indiana Department of Revenue, and committed a "Federal Offence" when it "willfully misdirected" a letter addressed to the Secretary of the Treasury to the IRS. ECF 1-4. Further,

2

he claims that the defendants conspired to "deprive him of his rights," and attempted to impose "Totalitarian Socialism upon the People." ECF 1-6. But for a single general reference to an allegedly forged 2013 federal income tax return, Mr. Strack fails to articulate the nature and extent of any alleged fraud, any alleged extortion, any act that may constitute defemination, or any alleged conspiracy to commit any of the above.

Mr. Strack's claims are factually frivolous. His allegations are unsupported in any way and go well beyond the unlikely to constitute the fantastical. Mr. Strack's claims are also legally frivolous. Based on a liberal reading of his complaint, Mr. Strack's claims appear to be rooted in the IRS's alleged breach of a 2012 agreement and the subsequent denial of his due process rights stemming from the breach. ECF 1-4. However, the nature and substance of this agreement is not even alluded to in the complaint. Mr. Strack merely appears to question the constitutionality of federal income tax in general. ECF 1-4.

The Sixteenth Amendment to the United States Constitution permits the imposition of a federal income tax. U.S. Const. amend. XVI; *Lovell v. U.S.*, 755 F.2d 517, 519 (7th Cir. 1984) ("Plaintiffs also contend that the Constitution prohibits imposition of a direct tax without apportionment. They are wrong; it does not."). Thus Mr. Strack's legal theories insofar as they implicate the constitutionality of federal income tax are legally frivolous.

Mr. Strack says the defendants conspired against him to deprive him of constitutional rights, but a 42 U.S.C. § 1983 claim is not the proper mechanism to present a conspiracy claim. *See Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) ("Section 1983 does not . . . punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises.").

Mr. Strack says the IRS deprived him of his due process rights by allegedly breaching the 2012 agreement. However, Mr. Strack fails to detail the nature or substance of the alleged 2012 agreement, fails to provide any support for his allegation of a breach, fails to connect the 2013 federal income

3

return or his repeated requests for a bill for his tax liability to his claim of fraud, extortion, or defamation, or to any constitutional violation. He thus hasn't stated a claim of any legal merit.

What is more, Mr. Strack does not assert any claims against the Department of the Treasury despite naming it as a defendant.

In addition to the factually and legally frivolous nature of his claims, Mr. Strack alleges no personal responsibility for John Koskinen and his spouse, Steve Mnuchin and his spouse, or Jacob Lew and his spouse. A § 1983 claim requires personal involvement on the part of the defendant, as there is no *respondeat superior* liability for these claims. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Mr. Strack's allegations of wrongdoing by the IRS do not personally implicate these defendants.

Although the court must construe a complaint liberally, *see Erickson*, 551 U.S. at 94, it must dismiss complaints that are "transparently defective" and thus deficient. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d at 763. Mr. Strack's complaint, even as he would proposed to amend it, is factually and legally frivolous, as any claim is "facially incredible," *see Weinschenk v. Central Intelligence Agency*, --- F. Appx. ---, 2020 WL 5049163 at 1 (7th Cir. 2020), fails to plead facts that would present a plausible claim, *see* 28 U.S.C. § 1915(e)(2)(B), and names immune public officials as defendants, particularly qualified immunity, *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020).

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend when such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Without a shred of legitimacy to this complaint, an amendment here would be futile.

4

Accordingly, the court DISMISSES Mr. Strack's complaint with prejudice (ECF 1), DENIES his motion to proceed *in forma pauperis* (ECF 2), and DENIES his motions to amend (ECF 6, 7).

SO ORDERED.

September 18, 2020                             *s/ Damon R. Leichty*
                                               Judge, United States District Court